Troy C. Campbell, indicted for murder in 1979, entered a plea of guilty of manslaughter on February 25, 1980, and was sentenced on the same day by the Circuit *Page 210 
Court of Copiah County to serve a term of fifteen years in the Mississippi Department of Corrections. On August 29, 1989, while incarcerated, Campbell filed a motion in the trial court to vacate his conviction and sentence pursuant to the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-35-1
et seq. (Supp. 1992). Without an evidentiary hearing, the trial court denied the motion finding that the motion was without merit and that Campbell was entitled to no relief. Campbell filed this appeal, and finding no error in the trial court's denial of relief, we affirm the judgment of the trial court on the grounds that the petition was time-barred and that the petition did not meet the pleading requirements to allow Campbell to prevail on the merits.
 PETITION TIME-BARRED
When the Mississippi legislature, in 1984, passed the Post-Conviction Collateral Relief Act, it included a three year period of limitation for filing such action. Miss. Code Ann. §99-39-5(2) (Supp. 1992). The act was not in effect at the time of Campbell's guilty plea but Campbell had three years from the date of the enactment of the statute on April 17, 1984, in which to file a petition for post conviction relief. Jackson v. State,506 So.2d 994, 995 (Miss. 1987). Campbell's deadline for filing under the statute was April 17, 1987. Campbell did not file a petition seeding post-conviction relief until August 29, 1989, approximately 28 months after his three year filing period had elapsed. Section 99-39-5(2) provides that the time bar will not be imposed if Campbell demonstrates that:
 (1) there has been an intervening decision of this Court or the U.S. Supreme Court which would have actually adversely affected the outcome of his conviction or sentence, or
 (2) there is evidence, not reasonably discoverable at time of trial, which, had it been introduced at trial, would have caused a different result in his conviction or sentence.
Campbell offers neither an intervening case nor new evidence to overcome the time bar. Because he filed his petition outside the statutory three year time period and did not present either an intervening case or new evidence as an exception to the time limitation, we find that the petition was time-barred.
 DENIAL ON THE MERITS
Even if Campbell had not been time-barred, he was not entitled to an evidentiary hearing in the trial court. In Campbell's petition to the trial court, he claimed that his conviction and sentence should be set aside on the grounds of: (1) ineffective assistance of counsel; (2) an involuntary guilty plea; (3) denial of due process and equal protection; and (4) a defective indictment. These claims were based primarily on Campbell's allegation that a witness was available to testify that the crime with which Campbell was charged had been committed by another person. Campbell's petition stated that the alleged witness was not available to make an affidavit because he (Campbell) was incarcerated. Such mere allegation is insufficient to require the trial court to grant an evidentiary hearing. On the basis of Campbell's pleading and the record in the prior proceedings, the trial court did not err in finding, without an evidentiary hearing, that Campbell had not made the requisite showing to entitle him to post-conviction relief. Miss. Code Ann. §§99-39-11(2) and 99-39-19(1) and (2) (Supp. 1992).
We find that on February 25, 1980, Campbell entered a knowing and voluntary plea of guilty to the charge of manslaughter. His plea was made in open court in the presence of his attorney, after his having been advised of the possible penalty for the reduced charge. He was advised of his rights by the court and acknowledged that he understood those rights, the nature of the offense, and the effect of a guilty plea. He further acknowledged, in a writing signed by him and his attorney, that the ramification of a guilty plea had been explained to him by his attorney.
Having considered the issues raised by Campbell, we affirm the trial court's judgment that Campbell's pleading did not *Page 211 
make a showing which would entitle him to post-conviction relief.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, BANKS, McRAE and ROBERTS, JJ., concur.