# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-KP-00414-SCT

*LEE MASON, III a/k/a LEE MASON a/k/a JOHN*
*MONTGOMERY a/k/a LEE MASON MONTGOMERY*
*a/k/a JOSEPH MASON*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED,
PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/25/94 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT ALLRED, III |
| DISTRICT ATTORNEY | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., McRAE AND ROBERTS, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

The appellant, Lee Mason, was originally arrested on January 31, 1990 by the Harrison County Sheriff's Department and was charged with capital murder of Gloria Jean Thornton and aggravated assault of Shirley Ann Bogan. On September 6, 1990, the Harrison County Grand Jury indicted Mason for capital murder and aggravated assault as an habitual offender under ***Miss. Code Ann.*** § 99-19-83. Mason was given court-appointed counsel, and after two of his original attorneys withdrew, Earl Stegall and Mack Bethea represented Mason during preparation for trial and plea negotiations. Mason pled guilty to capital murder and aggravated assault on September 6, 1991, in exchange for the State's agreement not to seek the death penalty and recommendation that the court order of the two life sentences be served concurrently. Mason is currently serving concurrent life

sentences without opportunity for parole on each crime as an habitual offender.

Mason filed a motion for post-conviction relief on October 5, 1992, and amended it on January 21, 1993. The circuit court denied Mason's motion in an order dated March 25, 1994. Mason filed his notice of appeal on April 7, 1994, raising the following issues:

I. THE TRIAL COURT ERRED IN SECURING CONSTITUTIONAL SAFEGUARDS AGAINST POSTACCUSATION DELAY.

II. HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

III. HIS CONVICTION WAS OBTAINED BY PLEA OF GUILTY WHICH WAS UNLAWFULLY INDUCED OR NOT MADE VOLUNTARILY WITH UNDERSTANDING OF THE NATURE OF THE CHARGES OR THE CONSEQUENCES OF THE PLEA.

IV. HIS CONVICTION WAS OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE TO THE DEFENDANT EVIDENCE FAVORABLE TO THE DEFENDANT.

## UNLAWFULLY INDUCED AND INVOLUNTARY PLEA

Mason asserts that his pleas were unlawfully induced or not made voluntarily with understanding of the nature of the charges and the consequences of the pleas. He claims that he was not advised of his right to remain silent, his right to a jury trial, his right to confront and cross-examine adverse witnesses, his right against self-incrimination, and the maximum and minimum penalty provided by the law for the crime to which he was pleading guilty.

"A guilty plea must be made voluntarily in order to satisfy the defendant's constitutional rights." *Wilson v. State*, 577 So.2d 394, 396-97 (Miss. 1991). A plea is voluntary if the defendant knows what the elements are in the charge against him, including an understanding of the charge and its relation to him, the effect of the plea, and the possible sentence. *Schmitt v. State*, 560 So.2d 148, 153 (Miss. 1990). Further, a complete record should be made of the plea proceeding to ensure that the defendant's plea was entered voluntarily. *Taylor*, 682 So.2d at 362.

Here, the transcript of the plea hearing is replete with careful explanations by the trial judge of the charges against Mason and the consequences of those charges to Mason. All of this discussion occurred before the court accepted Mason's guilty pleas. In addition, the defendant was well aware of the potential sentences that could be sought by the State. The trial judge also made an independent determination of the defendant's "habitual offender" status, by which the State sought to prosecute him. Not only did the defendant admit to serving jail time in Florida, but also the State submitted certified copies of Mason's convictions and sentences. Therefore, Mason's argument that his pleas were involuntary and unlawfully induced is without merit.

## SPEEDY TRIAL

The appellant contends that the trial court erred in failing to guarantee that he received a speedy trial. Mason asserts that the time for trial had expired, as the indictments against him were returned on September 6, 1990, and he did not come on for trial until September 21, 1991. He says that this

inaction by the state deprived him of his constitutional right to a speedy trial.

This issue was not raised in the circuit court, and cannot be raised for the first time on appeal. *Patterson v. State*, 594 So.2d 606, 609 (Miss. 1992). Therefore, Mason is procedurally barred from making such a claim here. Even without the procedural bar, Mason's speedy trial claim is without merit. The defendant in this case knowingly waived his right to a speedy trial. In petitioning the court to plead guilty, Mason swore that by pleading guilty he waived, among other Constitutional guarantees, the right to a speedy and public trial by jury. Since there was an "intentional relinquishment or abandonment of a known right or privilege," and his plea was made independently and voluntarily, Mason suffered no constitutional violation. *Anderson v. State*, 577 So.2d 390, 391 (Miss. 1991).

## INEFFECTIVE ASSISTANCE OF COUNSEL

The standard of review for ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 688 (1984). The *Strickland* standard was first adopted by this Court in *Gilliard v. State*, 462 So.2d 710, 714 (Miss. 1985). The test to be applied is (1) whether counsel's overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defense. *Taylor v. State*, 682 So.2d 359, 363 (Miss. 1996); *Cole v. State*, 666 So.2d 767, 775 (Miss. 1995).

The defendant has the burden of proving both prongs. *Id.* The adequacy of counsel's performance, as to its deficiency and prejudicial effect, should be measured by a "totality of the circumstances." *Cole*, 666 So.2d at 775. The level of scrutiny to be applied when measuring the performance of counsel against the deficiency and prejudicial prongs of *Strickland* is to look at the overall performance. *Taylor*, 682 So.2d at 363. There is a strong, yet rebuttable, presumption that the actions by the defense counsel are reasonable and strategic. *Id.* Under the second prong of *Strickland*, the prejudicial prong, the defendant must show that there was a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

Mason alleges that his court-appointed attorneys never used a rationale for their insistence in his pleas of guilty, that they had no intentions of preparing a defense for the case, and that they knew the State's case against him was weak. Mason argues that his court-appointed attorneys prejudiced him by: a) failing to challenge his arrest; b) failing to interview potential witnesses who could corroborate his whereabouts and an alibi; c) failing to inquire into his background, family and personal circumstances, employment, associations, and other related matters; and d) failing, at the sentencing hearing, to articulate any factors in his favor that would mitigate against his sentence.

To obtain an evidentiary hearing on an ineffective assistance claim, a post-conviction relief movant must allege deficient performance with specificity and details. *Brooks v. State*, 573 So.2d 1350, 1353 (Miss. 1990). In his motion for post-conviction relief, Mason stated that he pled guilty without the assistance of competent counsel. He stated that there were no investigations or any discovery motions submitted by his attorneys on the charges against him, nor was there any representation or investigation conducted in the case. However, these alleged facts are not supported by affidavits other than Mason's own statements. Such mere allegations are insufficient to require the trial court to grant an evidentiary hearing. *Cambpell v. State*, 611 So.2d 209, 210 (Miss. 1992); *Brooks*, 573 So.2d at 1354; *see also Smith v. State*, 490 So.2d 860 (Miss. 1986).

Moreover, the record refutes Mason's allegations. His attorneys filed several motions on Mason's behalf, including a motion for a continuance, a motion regarding jury selection, a motion for exclusion of evidence, and others. These included requests for production of documents, examination of the crime scene, and copies of witness statements. All of these actions went to the heart of Mason's representation. On the basis of Mason's pleadings and the record in the proceedings, the trial court did not err in finding that Mason did not make the requisite showing under the two-pronged *Strickland* test.

### FAILURE TO DISCLOSE FAVORABLE EVIDENCE

Finally, Mason argues that the State withheld information from him that could possibly establish his innocence. Mason alleges that Shirley Ann Bogan, the victim of his aggravated assault conviction, would be able to corroborate his innocence. He claims in his appellate brief that Bogan refused to testify against him and that she was "hauled away" upon discovery that she was on probation/parole, thus prejudicing Mason's defense by preventing her for testifying for him.

To be successful in a claim of failure to disclose, the defense must show: 1) a suppression of evidence by the prosecution; 2) that the suppressed evidence is favorable to the defense; and 3) that the suppressed evidence is material. *Smith v. State*, 500 So.2d 973, 976 (Miss. 1986). However, nothing in Mason's petition for post-conviction relief alleges an effort by the State to withhold favorable evidence from him, and there are no affidavits to support Mason's allegation. In fact, Shirley Bogan was present at the plea hearing, and after her presence was noted, Mason was given an opportunity to speak. However, he did not make an effort to suggest that she had possible exculpatory evidence. Her presence at the plea hearing also refutes Mason's allegations that the State somehow "hauled her away" and prevented her from testifying on his behalf.

Once again, Mason makes a self-serving allegation, but has offered no other evidence in support of the allegation. Because Mason has not made a showing of suppression of evidence by the prosecution, the trial court did not err by denying Mason's post-conviction relief. *See Campbell*, 611 So.2d at 210 (defendant's uncorroborated allegation that witness was available to exonerate him was not sufficient to warrant evidentiary hearing regarding claims of ineffective assistance of counsel, involuntary guilty plea, etc.).

As Mason has not presented any meritorious arguments for reversal of the trial court's denial of post-conviction relief, we therefore allow his conviction and sentence to stand on appeal.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**