## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-KP-00799-SCT

*CHARLES PALMER a/k/a CHARLES EDWARD PALMER*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/26/94 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | NA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

Charles Palmer appeals the denial of his motion for post-conviction relief in the Hinds County Circuit Court. We find that his petition was not filed within the statute of limitations for such petitions, and does not otherwise fit into any of the recognized exceptions to the time limit. We, therefore, affirm the trial court's dismissal of the petition.

On April 11, 1988, Palmer was indicted for the crimes of breaking and entering a dwelling house at nighttime, strong-armed robbery and attempted rape. On March 9, 1990, he pled guilty in Hinds County Circuit Court to all three counts. Palmer was sentenced to fifteen years for each offense, to be served concurrently with each other and consecutive to an unrelated sentence that he was serving at the time of these sentencings.

On June 23, 1994, Palmer filed a Motion for Post-Conviction Relief under Miss. Code Ann. § 99-39-3, et. seq. On July 26, 1994, the trial court dismissed the motion with prejudice, finding that Palmer had not filed within the statutory time limits for such motions that are set out in Miss. Code Ann. § 99-39-5(2). Palmer appeals to this Court that denial of relief, asserting three claims: (1) that he was denied his Sixth Amendment right to a fast and speedy trial since the trial court declined to rule on a motion raising the issue before accepting his plea of guilty; (2) that his guilty pleas were entered unknowingly, involuntarily, and unintelligently as required by law; and (3) that he was denied effective assistance of counsel in violation of his Sixth Amendment right to such.

Palmer's appeal was dismissed below for failure to file within the statute of limitations imposed by Miss. Code Ann. § 99-39-5(2). The pertinent provisions of the statute read as follows:

> A motion for relief under this chapter shall be made . . . in case of a guilty plea, within three (3) years after entry of judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

Miss. Code Ann. § 99-39-5(2).

Palmer entered his guilty pleas and was sentenced on all three counts on March 9, 1990. He filed his motion for post-conviction relief on July 19, 1994. As the trial court noted, Palmer was more than sixteen months past the deadline for filing his post-conviction relief motion.

Palmer has asserted no grounds which qualify him for an exception to the time limit other than his bald claim that the Mississippi Supreme Court has never "strickly [sic] and regularly followed and enforced its post-conviction bar rules in state courts." However, both cases cited by Palmer as sources for this proposition create address exceptions to the statute of limitations where there has been a denial of due process in the sentencing. In *Luckett v. State,* 582 So. 2d 428, 430 (Miss. 1991), the defendant was sentenced to life imprisonment by the judge where the applicable statute expressly placed such authority solely in the jury. In *Smith v. State,* 477 So. 2d 191, 193 (Miss. 1985), the defendant was sentenced to life imprisonment after his lawyer mistakenly informed him that he could receive no more than seven years if he pled guilty. The indictment in that case had been ambiguous about which habitual offender statute was being utilized to charge the defendant. This Court determined that the comparison of a seven year sentence and a life sentence was "too significant a deprivation of liberty to be subjected to a procedural bar," and further concluded that the trial court had sentenced the defendant under the wrong habitual offender statute in sentencing. *Id.* at 195-6.

Other than these limited exceptions which apply to sentencing issues, a petition for post-conviction relief is procedurally barred unless the petitioner can demonstrate that his claim falls under one of the

recognized exceptions. *See, e.g.* **Logan v. State,** 661 So. 2d 1137, 1138 (Miss. 1995); **Campbell v. State,** 611 So. 2d 209, 210 (Miss. 1992).

Palmer's claim that this Court has not strictly and regularly applied the statute of limitations in post-conviction relief actions might justify setting aside the procedural bar were his claim credible. However, the time limit has been strictly enforced for claims involving involuntary guilty pleas and ineffective assistance of counsel. This fact is evident from a survey of the state cases, including one of the cases that Palmer has cited. *Luckett,* 582 So. 2d at 430 (petitioner's claims for involuntary guilty plea and ineffective assistance of counsel time barred under § 99-39-5(2)). *See also* **Campbell,** 611 So. 2d 209; **Brown v. State,** 643 So. 2d 937 (Miss. 1994).

Palmer's petition for post-conviction relief is time-barred, and the trial court's dismissal was therefore correct.

**AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS SMITH AND MILLS, JJ., CONCUR.**