# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-KP-01184-SCT

*JOHN MARTIN a/k/a JOHN T. MARTIN*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/07/95 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY | RONNIE HARPER |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 6/12/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/3/97 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

John Martin was indicted during the March, 1980 term of the grand jury of Adams County for the crime of murder by a habitual offender. He was tried and convicted in the Circuit Court of Adams County on December 9, 1980. On December 10, Martin appeared before Judge Edwin E. Benoist for sentencing and entered a plea of guilty through the following exchange:

BY THE COURT:

Q. All right. I'll just ask you a few questions. In view of the fact that there was a jury verdict of guilty, and the Court has heard all the evidence in this matter, it's my understanding now you wish to enter a plea of guilty to the charge of murder?

A. Yes, Sir.

Q. And forego any rights to appeal; is that correct?

A. Yes, Sir.

Q. Now, Mr. Martin, let me say this to you now: Has anyone in anyway threatened you to make you do this?

A. No, Sir.

Q. Has anyone held out any hope or promise of reward to get you to plea?

A. No, Sir.

Q. In other words, you are pleading guilty now because you realize as was admitted in the trial, you admitted that you shot and killed the deceased, Jessie Walker, correct?

A. Yes, Sir.

Q. Your defense at that time was self defense?

A. Yes, Sir.

Q. And you've heard the jury now return its verdict of guilty against you, and you realize now that you are, after having heard all of the evidence, you are guilty of the crime of murder; is that correct?

A. Yes, Sir.

Judge Benoist then determined that Martin had been sentenced as a juvenile for his previous conviction for kidnaping. Because Martin had only one prior felony conviction on his record, for grand larceny, the judge decided that he did not qualify as a habitual offender and sentenced him to life imprisonment as a non-habitual offender.

On December 17, 1982, Judge Benoist entered an order suspending the remainder of Martin's sentence, pending his good behavior. Then on August 2, 1983, Martin appeared again before Judge Benoist, who revoked Martin's informal suspension due to Martin's violation of the conditions of his suspension. The judge ordered Martin to resume his service of life imprisonment with the Mississippi Department of Corrections in the custody of the Sheriff of Adams County.

Martin filed his notice of motion for a Motion to Vacate Conviction and Sentence and/or Motion to Reinstate Informal Suspension (hereinafter PCR motion) on April 22, 1992. Judge Richard T. Watson, Adams County Circuit Court, issued an order on March 3, 1993, stating that Martin's PCR motion had not yet been filed with the circuit court and that Martin's claims would be subject to dismissal if he failed to file his motion within thirty days. A copy of Martin's PCR motion appears in the record before this Court, but is not stamped as received or filed. Judge Watson dismissed Martin's PCR motion on January 6, 1994. Apparently Martin filed his PCR motion after March 3, 1993, the court found that it had been filed previously, or the motion was dismissed for lack of timely filing pursuant to the March 3 order. Neither a copy of the PCR motion marked filed, nor the order

dismissing it appears in the record before this Court.

There is a December 22, 1992, petition for writ of mandamus in the record, filed by Martin, requesting that this Court direct Judge Watson to rule on his PCR motion, which he says that he filed on April 20, 1992. On January 28, 1994, this Court ordered that Martin's September 29, 1993, petition for writ of mandamus be dismissed as moot, because Judge Watson had dismissed Martin's PCR motion with prejudice. No explanation for the discrepancies in the date of the petition for writ of mandamus appears in the record.

On March 10, 1994, Martin filed a motion for leave to file an out-of-time appeal in the Circuit Court of Adams County. He alleged that he never received a copy of Judge Watson's order dismissing his PCR motion, and was therefore unable to file a notice of appeal from that order. Martin also asserted that an ice storm kept the law library at Parchman closed between February 10, 1994, and March 7, 1994, causing him further delay. Judge Lillie Blackmon Sanders, Circuit Judge for Adams County, issued a Final Judgment on Post-Conviction Claim on August 7, 1995, dismissing all of Martin's claims and allegations as being time-barred and without merit. It is from this final judgment that Martin appeals to this Court.

## STATEMENT OF THE LAW

### I.

### THE TRIAL COURT CORRECTLY DENIED THE POST-CONVICTION MOTION TO VACATE GUILTY PLEA AS BEING TIME BARRED BY THREE YEAR LIMITATION.

The State asserts that Judge Lillie Blackmon Sanders properly denied Martin's PCR motion based upon the time bar. Martin's entry of judgment of conviction was recorded on December 10, 1980. The Mississippi Uniform Post-Conviction Collateral Relief Act became effective on April 17, 1984. Miss. Code Ann. § 99-39-1 et seq.

> A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

Miss. Code Ann. §99-39-5(2). For those defendants convicted before the April 17, 1984, enactment date, the deadline for filing under the statute was April 17, 1987. *Campbell v. State*, 611 So.2d 209, 210 (Miss. 1992) (citations omitted). Martin did not file his PCR motion until April 20, 1992, at the

earliest, accepting Martin's pleadings as true. This was five years after his deadline for filing had expired. Martin does not assert any claims falling within the well-defined exceptions to the time limit, so the trial judge properly dismissed Martin's PCR motion as time-barred. *Brown v. State*, 643 So.2d 937, 938-39 (Miss. 1994) (citations omitted); *Luckett v. State*, 582 So.2d 428, 429-30 (Miss. 1991) (citations omitted).

## CONCLUSION

Because Martin failed to file his PCR motion within the three year limit and raises no claims falling within the outlined exceptions, his motion was properly dismissed by the trial court as time-barred. We therefore affirm the trial court's dismissal of Martin's motion for post-conviction relief.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**