# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CP-00053-SCT

*ROBERT L. STEEN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/12/1998 |
| TRIAL JUDGE: | HON. ELZY JONATHAN SMITH, JR. |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | LAURENCE MELLEN |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/07/1999 |
| MOTION FOR REHEARING FILED: | 10/20/99; denied 12/09/99 |
| MANDATE ISSUED: | 12/16/99 |

## BEFORE SULLIVAN, P.J., SMITH AND COBB, JJ.

## SMITH, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. On January 11, 1977, Robert Steen was indicted by a grand jury in the Circuit Court of Coahoma County for capital rape. Steen pled guilty to the charge and was sentenced to a term of life imprisonment.

¶2. In January 1998, Steen filed a motion for post-conviction relief in the Circuit Court of Coahoma County challenging the legality of his life sentence. Steen alleges that the trial lacked the authority to impose a life sentence without jury recommendation. Steen's motion for post-conviction relief was denied. Steen subsequently filed a motion to reconsider, which was later denied. Feeling aggrieved Steen appealed and raised the following issues:

> **I. DID THE CIRCUIT COURT ERR IN ITS RULING THAT APPELLANT'S CLAIMS ARE TIME-BARRED AND DID THE CIRCUIT COURT'S RULING ON THE MERITS OF THE CLAIMS "OPEN THE DOOR" TO APPELLANT'S ARGUMENTS BEING HEARD ON THE MERITS OF HIS CLAIMS?**

> **II. DID THE CIRCUIT COURT ERR IN ITS CONCLUSION THAT THE LANGUAGE IN APPELLANT'S ORIGINAL *APPEARS*, (EMPHASIS ADDED), TO BE BASED ON § 97-3-65(2) OF THE MISSISSIPPI CODE ANNOTATED, ALONE, AND NOT ON § 97-3-65(1), AS AMENDED?**

**III. DID THE CIRCUIT COURT ERR IN ITS *INFERENCE*, (EMPHASIS ADDED), THAT APPELLANT WAS NOT SEEKING TO HAVE HIS LIFE SENTENCE SET ASIDE BASED ON LACK OF AUTHORITY OF THE COURT TO IMPOSE A LIFE SENTENCE UNDER § 97-3-65(1)?**

**IV. DID THE CIRCUIT COURT ERR IN ITS FINDING THAT PETITIONER FAILED TO MEET THE BURDEN IMPOSED ON HIM UNDER § 99-39-11 M.C.A. WHEN PETITIONER NEVER WAS GRANTED AN EVIDENTIARY HEARING TO ALLOW HIM TO PRESENT, PROVE AND ARGUE HIS CLAIMS?**

**V. DID THE CIRCUIT COURT ERR IN DRAWING A DISTINCTION BETWEEN FORCIBLE RAPE AND STATUTORY RAPE IN CONSIDERATION OF THE REQUIREMENT OF A JURY'S RECOMMENDATION NECESSARY FOR AN IMPOSITION OF A SENTENCE OF LIFE IMPRISONMENT?**

**VI. DID THE CIRCUIT COURT ERR IN FINDING THAT APPELLANT'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED?**

**VII. IS A SENTENCE OF LIFE IMPRISONMENT, THAT IMPOSITION OF WHICH IS CLEARLY WITHOUT STATUTORY AUTHORITY, LEGAL AND VALID UNDER THE CONSTITUTIONS AND LAWS OF THE UNITED STATES OF AMERICA AND THE STATE OF MISSISSIPPI?**

<u>**LEGAL ANALYSIS**</u>

**I. DID THE CIRCUIT COURT ERR IN RULING THAT APPELLANT'S CLAIMS ARE TIME BARRED; AND DID THE CIRCUIT COURT'S RULING ON THE MERITS OF THE CLAIMS "OPEN THE DOOR" TO APPELLANT'S ARGUMENTS BEING HEARD ON THE MERITS OF HIS CLAIMS?**

¶3. Steen's first argument asserts that the trial court was in error when it held that Steen's motion for post-conviction relief was time barred.

¶4. Steen argues that in the years since his guilty plea, there have been numerous intervening decisions on mandatory death sentences, and on life imprisonment handed down as a result of guilty pleas. Steen contends that due to the plethora of intervening decisions by this Court and the United States Supreme Court, he has a right to have his claims heard on the merits.

¶5. Miss. Code Ann. § 99-39-5(2) (Supp. 1999) of the Mississippi Post-Conviction Collateral Relief Act, states in relevant part that, "[a] motion for relief under this chapter shall be made...in case of a guilty plea, within three (3) years after entry of the judgment of conviction..."

¶6. Steen entered his guilty plea on January 28, 1977. The Act was not in effect at the time Steen pled guilty, but he had three years from the date of enactment to file a petition for post conviction relief. The Act became effective on April 17, 1984. Consequently, Steen's deadline for timely filing his petition was April 17, 1987.

¶7. Steen did not file his petition for relief until January 1998, some eleven years after the deadline. Under normal circumstances, the lower court would have been correct in finding that Steen's claim was time barred.

¶8. However, this Court in *Luckett v. State*, 582 So.2d 428, 430 (Miss. 1991), held that errors affecting fundamental constitutional rights, such as the right to a legal sentence, may be excepted from procedural bars which would otherwise prevent their consideration. *Accord*, *Ivy v. State*, 731 So.2d 601, 603 (Miss. 1999).

¶9. In this case, however, the trial court considered whether Steen's claim constituted an intervening decision. The trial court concluded that at the time of Steen's guilty plea, the only viable sentence available was life in prison. The judge did not have the discretion to give the death penalty, nor a sentence less than life imprisonment. Thus, the trial court properly dismissed Steen's motion as time barred and failing to meet an exception under Miss. Code Ann. § 99-39-5 (2)(Supp.1999).

> **II. DID THE CIRCUIT COURT ERR IN ITS CONCLUSION THAT THE LANGUAGE IN APPELLANT'S ORIGINAL MOTION *APPEARS*, (EMPHASIS ADDED), TO BE BASED ON § 97-3-65(2) OF THE MISSISSIPPI CODE ANNOTATED, ALONE, AND NOT ON § 97-3-65(1), AS AMENDED?**

> **III. DID THE CIRCUIT COURT ERR IN ITS *INFERENCE* (EMPHASIS ADDED) THAT APPELLANT WAS NOT SEEKING TO HAVE HIS LIFE SENTENCE SET ASIDE BASED ON LACK OF AUTHORITY OF THE COURT TO IMPOSE A LIFE SENTENCE UNDER § 97-3-65(1)?**

¶10. In the above two assignments of error, Steen seems to make an argument about the way the order denying post-conviction relief was crafted. These two assignments of error are not supported with authority and, further, lack merit.

> **IV. DID THE CIRCUIT COURT ERR IN ITS FINDING THAT PETITIONER FAILED TO MEET THE BURDEN IMPOSED ON HIM UNDER § 99-39-11 M.C.A. WHEN PETITIONER NEVER WAS GRANTED AN EVIDENTIARY HEARING TO ALLOW HIM TO PRESENT, PROVE AND ARGUE HIS CLAIMS?**

¶11. In this assignment of error, Steen contends that the circuit court erred in finding that his motion failed to meet the burden imposed under Miss. Code Ann. § 99-39-11 (Supp. 1999). Steen maintains that there have been no prior proceedings in this case and, further, that he asked for a hearing to present, argue, and prove his claims.

¶12. Having determined that the trial judge correctly found that the motion failed to meet the exception to the time bar, the circuit court did not err in finding that Steen's motion, on its face, failed to show that he was entitled to any relief. Therefore, this assignment of error is without merit.

> **V. DID THE CIRCUIT COURT ERR IN DRAWING A DISTINCTION BETWEEN FORCIBLE RAPE AND STATUTORY RAPE IN CONSIDERATION OF THE REQUIREMENT OF A JURY'S RECOMMENDATION NECESSARY FOR THE IMPOSITION OF A SENTENCE OF LIFE IMPRISONMENT?**

¶13. Steen argues that the circuit court erred in drawing a distinction between his case and the appellants in *Luckett v. State,* 582 So.2d 428 (Miss. 1991); *Cunningham v. State,* 467 So.2d 902 (Miss. 1985); and *Lee v. State*, 322 So.2d 751 (Miss. 1975). Steen argues that he was charged with statutory rape while the above appellants were charged with forcible rape.

¶14. Steen was charged with rape of a child under the age of under fourteen years of age. This can be distinguished from forcible rape. Forcible rape is defined as forcible sexual intercourse with any person. Age is the defining characteristic between capital rape and forcible rape. The victim in this case was seven years old. The sentences imposed for these two distinct crimes are different. Therefore, the circuit court did not err in drawing a distinction between forcible rape and statutory rape. This assignment of error is without merit.

### VI. DID THE CIRCUIT COURT ERR IN FINDING THAT APPELLANT'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED?

¶15. Steen asserts that his choice to agree to a plea bargain proposal to accept a life sentence was only made because of the possibility of his being sentenced to death. Steen seeks application of the death penalty rulings to his case. Steen asserts that the sentence of life imprisonment, imposed by the sentencing court without authority to do so, is a violation of his fundamental constitutional rights.

¶16. When Steen committed the crime of rape, the sentence for his crime was the death penalty or life imprisonment.

¶17. Following its decision in *Furman v. Georgia*, 408 U.S. 238 (1972), the U.S. Supreme Court found that the then existent statutory schemes in Georgia and Texas for imposing the death penalty were unconstitutional. States then proceeded to rewrite their statutes to provide procedures to protect convicted individuals against cruel and unusual punishment.

¶18. This Court, in *Jackson v. State*, 337 So.2d 1242 (Miss. 1976), prescribed rules of procedure for cases involving the death penalty. Due to the status of the death penalty at the time of Steen's guilty plea, the circuit court had no alternative but to sentence Steen to life imprisonment. Therefore, the circuit court did not lack the authority to sentence Steen to life imprisonment and did not violate Steen's constitutional rights.

### VII. IS A SENTENCE OF LIFE IMPRISONMENT, THE IMPOSITION OF WHICH IS CLEARLY WITHOUT STATUTORY AUTHORITY, LEGAL AND VALID UNDER THE CONSTITUTIONS AND LAWS OF THE UNITED STATES OF AMERICA AND THE STATE OF MISSISSIPPI?

¶19. In this assignment of error, Steen seems to rehash the proposition that the circuit court did not have the authority to sentence him to life imprisonment. Having determined that the circuit had the authority to sentence Steen to life imprisonment, this assignment of error is without merit.

### CONCLUSION

¶20. Steen was charged with capital rape where the victim was under the age of twelve. At the time Steen pled guilty to the crime of rape, the possible sentence was the death penalty or life imprisonment. The circuit court had the authority to sentence Steen to a life sentence. Steen's constitutional rights were not violated. The circuit court was correct in denying Steen's motion for post-conviction relief as time barred and failing

to qualify under one of the exceptions to a time bar. The Uniform Post-Conviction Collateral Relief Act went into effect April 17, 1984, although Steen pled guilty in 1977, he had three years from the enactment of the Act to file a motion for post-conviction relief. Steen did not file his motion until 1998. There were no intervening causes to fall into the exception to the statute of limitations. Therefore, the circuit court's judgment denying post-conviction relief is affirmed.

¶21. **DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, MILLS, WALLER AND COBB, JJ., CONCUR.**