# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-CP-01584-SCT

*JASON WAYNE KIRK*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/26/1999 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | YAZOO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | JAMES H. POWELL, III |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 7/27/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BANKS, P.J., McRAE AND MILLS, JJ.**

**BANKS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This matter is before the Court on appeal from an Order of the Circuit Court of Yazoo County, dismissing Jason Wayne Kirk's Petition for Post Conviction Relief. Because Kirk's petition is time barred, we affirm.

## I.

¶2. Jason Wayne Kirk entered pleas of guilty to charges of conspiracy to commit burglary and burglary. He was sentenced on August 19, 1993, to serve terms of five years and seven without parole, as a habitual offender, to be served consecutively.

¶3. Kirk filed a Motion to Vacate, Correct, or Modify Sentence on August 20, 1999. The Circuit Court found that the three-year limitation found in Miss. Code Ann. § 99-39-5(d) barred Kirk's action. Kirk filed a Notice of Appeal in a timely manner.

## II.

¶4. Kirk argues that his case should not be procedurally barred because there has been a plain error that affects his fundamental constitutional rights. Specifically, Kirk argues that he was denied effective assistance of counsel. Kirk argues that his attorney ill advised him to plead guilty to conspiracy to commit burglary and

burglary.

¶5. Kirk argues that his plea was not knowingly, voluntarily and intelligently entered. He states that counsel coerced him to enter a plea. He further states that his attorney erroneously advised him of the elements of the offenses charged. Relying on his attorney's advice, and alleged agreement of a concurrent sentence, which Kirk argues was not honored by the prosecution, Kirk entered a plea of guilty.

¶6. Kirk's case does not fall into one of the exceptions to the three-year limitation set out in § 99-39-5(2). This Court has consistently held that Miss. Code Ann. § 99-39-5(2) bars relief under the Mississippi Uniform Post-Conviction Collateral Relief Act. *Patterson v. State*, 594 So.2d 606 (Miss. 1992); *Campbell v. State*, 611 So.2d 209 (Miss. 1992). This time bar includes petitioner's post-conviction relief claims based on involuntariness of guilty pleas, and ineffective assistance of counsel. *Luckett v. State*, 582 So.2d 428 (Miss. 1991).

¶7. The trial court did not err in dismissing Kirk's Petition for Post Conviction Relief. Kirk's petition, which was filed on August 20, 1999 was more than five years after Kirk's plea of guilty on August 19, 1993.

¶8. Accordingly, the circuit court's judgment is affirmed.

¶9. **DISMISSAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., McRAE, SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR.**