IN THE SUPREME COURT OF MISSISSIPPI
NO. 2000-CP-02097-SCT

*BOBBY LOUIS KELLY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/19/2000 |
| TRIAL JUDGE: | HON. LARRY EUGENE ROBERTS |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY |
| DISTRICT ATTORNEY: | E. J. (BILBO) MITCHELL |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/11/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/1/2001 |

**BEFORE BANKS, P.J., MILLS AND EASLEY, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1. On June 16, 1996, Bobby Louis Kelly ("Kelly") was indicted in the Circuit Court of Wayne County for the sale of cocaine on or about January 22, 1996. On June 19, 1996, Kelly was approached at his place of work by narcotics agent, Officer Joey Waller ("Officer Waller"). Officer Waller stated he had a warrant to arrest Kelly for the sale of cocaine to undercover police officer, Martin Mixon. Kelly was arrested, searched, and taken into custody. On October 16, 1996, Kelly pled guilty to sale of cocaine and was sentenced to serve fifteen years in the custody of Mississippi Department of Corrections. On October, 12, 2000, Kelly filed the instant Petition for Writ of Habeas Corpus, which was treated as his petition for post-conviction relief. Kelly's petition for post conviction collateral relief was dismissed by the trial court on October 19, 2000, as being statutorily time barred. Kelly now appeals to this Court and raises the following issues:

**I. Whether petitions for post-conviction relief are barred as being untimely when not filed within the statutory time frame?**

**II. Whether time limitations on a petition for post-conviction relief are constitutional?**

**LEGAL ANALYSIS**

**I. Statutory Time Limitations**

¶2. On appeal, Kelly argues that the trial court erred in dismissing his petition for post-conviction collateral relief as being untimely filed without addressing the merits of the petition. Time limitations are designed to prevent burdening the courts with the prosecution of stale claims causing the impairment of efficient court business. *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2494, 2496, 65 L.Ed.2d 532 (1980); *Greyhound Corp. v. Mt. Hood Stages, Inc.*, 437 U.S. 322, 335, 98 S.Ct. 2370, 2378, 57 L.Ed.2d 239 (1978).

¶3. Kelly pled guilty to the delivery of cocaine and was subsequently convicted on October 10, 1996. On October 12, 2000, Kelly filed this petition for post-conviction collateral relief. In Kelly's petition for post-conviction relief, he claimed that his constitutional rights were violated by the existence of a defective indictment, lack of subject matter jurisdiction, and an unlawful arrest warrant. It is not necessary for this Court to address each individual constitutional issue raised by Kelly in addressing the assignment of errors.

¶4. Miss. Code Ann. § 99-35-5(1) & (2) (2000) states as follows:

(1) Any prisoner in custody under sentence of a court of record of the State of Mississippi who claims:

(a) That the conviction or the sentence was imposed in violation of the Constitution of the United Sates or the Constitution or laws of Mississippi;

(b) That the trial court was without jurisdiction to impose sentence;

(c) That the statute under which the conviction and or sentence was obtained is unconstitutional;

(d) That the sentence exceeds the maximum authorized by law;

(e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(f) That his plea was made involuntarily;

(g) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;

(h) That he is entitled to an out of time appeal;

(i) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy; may file a motion to vacate, set aside or correct the judgment or sentence, or for an out of time appeal.

(2) A motion for relief under this article shall be made within three years after the time in which the prisoners's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three years after entry of the judgment of conviction. **Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually**

**adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.** Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

(emphasis added). Kelly exceeded the statutory mandated period of three years stated above in Miss. Code Ann. 99-39-5(2) (2000) by three hundred and sixty-eight days. The only exceptions to the three year time limit imposed by the statute are enumerated in the above referenced statute. *See* Miss. Code Ann. § 99-39-5 (2) (2000). Kelly makes no claims of any of these exceptions. Kelly only presented claims of defective indictment, jurisdiction, and constitutional issues. Kelly's claims are all stated within Miss. Code Ann. § 99-39-5(2) (2000), and are therefore, barred when not brought within the three-year time limitation. Accordingly, we find no error in the trial court's decision to bar Kelly's Petition for Post Conviction Relief as being untimely filed, exceeding the three-year statutory time constraint.

### II. Constitutionality of Time Limitations

¶5. Kelly also claims on appeal that the time limitation stated in Miss. Code Ann. § 99-39-5(2) (2000) violates not only Article 3, Section 21 and Section 27 of the Mississippi Constitution, but also, the Fifth and Fourteenth Amendments to the United States Constitution, thereby making the three-year time limitation unconstitutional. Kelly's argument is wholly without merit. The Legislature may impose reasonable restrictions upon the exercise of a constitutional right. ***Cole v. State***, 608 So.2d 1313, 1318 (Miss. 1992). Legislative time restrictions encompass the time period allowed for commencement of an action. ***Id***. at 1319. When the appellant neglects to comply with these regulations, he waives his constitutional privileges. ***Id***. It is a well-settled principle that a state may attach reasonable time limitations to bring an action, even if, it involves federal constitutional rights. ***Id***. (citing ***Brown v. Allen***, 344 U.S. 443, 486, 73 S.Ct. 397, 422, 97 L.Ed. 469 (1953)). Time limitations may also be placed on the exercise of a state constitutional right. ***Id***.

¶6. Kelly had a three-year window of opportunity to challenge his criminal conviction by filing for post conviction relief. By Kelly failing to exercise his statutory remedy, he thereby waived his right to challenge his conviction. ***Id***. (citing ***United States v. Randolph***, 262 F.2d 10, 12 (7th Cir. 1958)). For the foregoing reasons stated, we find that the three-year limitation contained in Miss. Code Ann. § 99-39-5(2) (2000), does not result in either a federal or state constitutional violation. Therefore, the trial court's decision to deny Kelly's petition for post-conviction collateral relief did not violate his constitutional rights. This assignment of error is without merit.

### CONCLUSION

¶7. Kelly did not establish that an exception for his untimely filing of the petition for post-conviction collateral relief exists. Kelly did not properly comply with the three-year statute of limitations provided in Miss. Code Ann. § 99-39-5(2) (2000). The Mississippi Legislature has the power to set time limitations for the commencement of an action. Time limitations serve an important goal, and they do not violate Kelly's constitutional rights. Therefore, the trial court's judgment is affirmed.

¶8. **AFFIRMED**.

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS, WALLER, COBB AND DIAZ, JJ. CONCUR.**