949 So.2d 879 (2007)
Jeromaine Kentory BARNES a/k/a Jeromaine Barnes, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01203-COA.
Court of Appeals of Mississippi.
February 20, 2007.
*880 Jeromaine Kentory Barnes. Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before LEE, P.J., GRIFFIS, ROBERTS and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. This case comes before the Court on appeal from the June 16, 2006 judgment of the Circuit Court of Attala County dismissing Jeromaine Barnes's motion for post-conviction relief. We affirm the dismissal.

FACTS
¶ 2. On August 22, 2002, Barnes appeared before the Circuit Court of Grenada County and entered a plea of guilty to the charge of aggravated assault in violation of Mississippi Code Annotated Section 97-3-7(2) (Rev.2006). He was sentenced to seventeen years in the custody of the Mississippi Department of Corrections, with twelve years to serve and five years suspended. As part of his sentence, he was also placed on five years of supervised probation upon his release.
¶ 3. Barnes first filed a motion for post-conviction relief and a brief in support thereof with the Circuit Court of Attala County in 2006. On June 16, 2006, without holding an evidentiary hearing, the trial court signed an order summarily dismissing Barnes's motion as being without merit.
¶ 4. Barnes argues on appeal that the trial court erred in dismissing his motion without holding an evidentiary hearing. He also maintains that the indictment charging him was defective, and that he received constitutionally ineffective assistance of counsel.

DISCUSSION
¶ 5. "In reviewing a trial court's decision to deny a motion for post-conviction relief the standard is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous." Smith v. State, 806 So.2d 1148, 1150(3) (Miss.Ct.App.2002) (citing Kirksey v. State, 728 So.2d 565, 567(8) (Miss.1999)).
¶ 6. A motion for post-conviction relief must be filed within three years of the judgment of conviction entered pursuant to a guilty plea. Miss.Code Ann. § 99-39-5(2) (Supp.2006). There are several statutorily enumerated exceptions which are not subject to the time bar. Id. (exceptions include intervening decision, newly discovered evidence, and expired sentence or unlawful revocation of parole, probation, or conditional relief). None of Barnes's claims fall within the enumerated exceptions and none were asserted in his appellate brief. Also recognized as an exception to the time bar are claims in which fundamental constitutional rights are involved. *881 Maston v. State, 750 So.2d 1234, 1237(14) (Miss.1999).
¶ 7. Barnes claims that he received constitutionally ineffective assistance of counsel. Our Supreme Court held in Maston that it "[h]as never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar." Id. (citing Bevill v. State, 669 So.2d 14, 17 (Miss.1996)). Furthermore, the Mississippi Supreme Court has held that the mandatory three-year period of limitation for post-conviction relief claims encompasses claims of ineffective assistance of counsel. Kirk v. State, 798 So.2d 345, 346(6) (Miss.2000); (citing Luckett v. State, 582 So.2d 428, 430 (Miss.1991)). Accordingly, this Court finds that Barnes's claim of ineffective assistance of counsel is without merit because it is not sufficient to overcome the bar imposed by the period of limitation.
¶ 8. Claims alleging defective indictment are also barred when a motion for post-conviction relief is not filed within the three-year time limitation. Kelly v. State, 797 So.2d 1003, 1005(4) (Miss.2001); see also Campbell v. State, 611 So.2d 209, 210 (Miss.1992) (appellant's claims of defective indictment, ineffective assistance, denial of due process and equal protection, and involuntary plea were barred where motion was filed after the three-year period). Consequently, Barnes's claim of defective indictment is also time-barred.
¶ 9. We find that Barnes's motion for post-conviction relief was time-barred as it was filed outside of the mandatory three-year statute of limitations imposed by Mississippi Code Annotated section 99-39-5(2). Barnes's plea of guilty was entered on August 22, 2002. Thus, he had until August 22, 2005 to timely file his petition for post-conviction relief. Barnes waited until 2006 to file his motion for post-conviction relief, well after his deadline. Finding that no statutory exceptions apply and that the bar is not surmounted by a fundamental constitutional right, we conclude that Barnes's motion was time-barred.
¶ 10. A trial court is permitted to summarily dismiss a motion for post-conviction relief if it is ascertainable on the face of the motion that the petitioner is not entitled to any relief. Miss.Code Ann. § 99-39-11(2) (Rev.2000); Steen v. State, 748 So.2d 156, 159(12) (Miss.1999) (time-barred motion failed on its face to show entitlement to relief; dismissal affirmed). As previously determined, Barnes's motion was time-barred. Consequently, the motion failed to show on its face that Barnes was entitled to any relief, and the trial court did not err in dismissing the motion without holding an evidentiary hearing.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.