ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. Facing a six-count indictment, Derrick Stokes opted to plead guilty to two of those charges — exploitation of a child and gratification of lust. Consistent with the prosecution’s recommendation, the Madison County Circuit Court sentenced Stokes to fifteen years in the custody of the Mississippi Department of Corrections (MDOC) for one charge. As for the second charge, the circuit court sentenced Stokes to ten years in the custody of the MDOC with five years suspended, five years to serve, and five years on post-release supervision. Additionally, the circuit court ordered Stokes’s sentences to run consecutively.
 

 ¶ 2. On January 25, 2010, Stokes filed a motion for post-conviction relief. He claimed that: his guilty pleas were involuntary; he received ineffective assistance of counsel; he had found newly discovered evidence; and he pled guilty based on misrepresentation and duress. On March 5, 2010, the circuit court entered its opinion and order denying Stokes’s motion for post-conviction relief. Aggrieved, Stokes appeals. Stokes claims the circuit court erred when it denied his motion for post-conviction relief without conducting an evi-dentiary hearing. Stokes also claims that the circuit court erred when it accepted his guilty plea without appointing an interpreter to assist Stokes during his guilty plea. Furthermore, Stokes claims that he received ineffective assistance of counsel during his guilty plea. The State claims that Stokes’s appeal is untimely.
 

 
 *748
 
 STANDARD OF REVIEW
 

 ¶ 3. The standard of review this Court must employ upon a review of a trial court’s denial of a petition filed pursuant to the Mississippi Uniform PosL-Conviction Collateral Relief Act, Mississippi Code Annotated sections 99-39-1 to -29 (Rev.2007) is well settled and has been stated by the Mississippi Supreme Court as follows:
 

 When reviewing a lower court’s decision to deny a petition for post [-Jconviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised[,] the applicable standard of review is de novo.
 
 Lambert v. State,
 
 941 So.2d 804, 807 [ (¶ 14) ] (Miss.2006) (quoting
 
 Brown v. State,
 
 731 So.2d 595, 598 [ (¶ 6) ] (Miss.1999));
 
 see also Bank of Miss. v. S. Mem'l Park, Inc.,
 
 677 So.2d 186, 191 (Miss.1996).
 

 Callins v. State,
 
 975 So.2d 219, 222 (¶ 8) (Miss.2008) (quotations omitted).
 

 ANALYSIS
 

 ¶ 4. Before addressing Stokes’s argument on appeal, it is necessary to resolve the State’s claim that Stokes’s appeal is untimely. The State bears the burden of proving that allegation.
 
 Hunt v. State,
 
 11 So.3d 764, 766 (¶ 5) (Miss.Ct.App. 2009). The record before us indicates that the circuit court denied Stokes’s motion on March 5, 2010. Stokes had thirty days to appeal the circuit court’s decision. M.R.A.P. 4(a). In his reply brief, Stokes concedes that he was required to file a notice of appeal on or before April 5, 2010. However, the record indicates that Stokes’s notice of appeal was filed on June 4, 2010.
 
 [1]
 

 ¶ 5. Notwithstanding the fact that his notice of appeal was not filed on or before April 5, 2010, Stokes argues that his appeal is rendered timely by application of the “prison-mailbox rule.” “Under the ‘prison[-] mailbox rule,’ ... a pro se prisoner’s motion for post-conviction relief is delivered for filing when the prisoner delivers the papers to prison authorities for mailing.”
 
 Duhart v. State,
 
 981 So.2d 1056, 1058 (¶ 5) (Miss.Ct.App.2008). Consequently, to determine whether Stokes’s appeal was timely, it is necessary to determine when Stokes delivered his notice of appeal to prison authorities for mailing.
 

 ¶ 6. Stokes claims that he was in the infirmary on April 5, 2010. According to Stokes, a representative of the Inmates’ Legal Assistance Program (ILAP) went to the infirmary and picked up Stokes’s notice of appeal on that date. Stokes reasons that he delivered his notice of appeal for filing as of the moment that he gave his notice of appeal to that unidentified representative of the ILAP.
 

 ¶ 7. As the State points out, the documentation of Stokes’s mail transactions indicates that a “NOA” — which we presume to be an abbreviation for “notice of appeal” — was delivered for mailing to the trial court on April 8, 2010. Accordingly, Stokes’s appeal is considered to have been filed on that date. Despite Stokes’s claims to the contrary — which are entirely unsupported by anything other than statements
 
 *749
 
 in Stokes’s reply brief — there is simply no evidence that Stokes delivered his notice of appeal to prison authorities for mailing on or before April 5, 2010. “An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5 [of the Mississippi Rules of Appellate Procedure].” M.R.A.P. 2(a)(1).
 

 ¶ 8. Mississippi Rule of Appellate Procedure 2(c) allows this Court to suspend the thirty-day requirement of Rule 4(a) under certain circumstances. “Appellate courts do have the authority to grant a criminal defendant such an appeal if failure to perfect the appeal was through no fault of his own and if justice demands.”
 
 Davis v. State,
 
 86 So.3d 456, 459 (¶ 9) (Miss.Ct.App.2010). Aside from his claims regarding the date that a representative of the ILAP went to the infirmary and acquired a copy of Stokes’s notice of appeal, Stokes does not raise any justification for his failure to file his notice of appeal timely. We have suspended the thirty-day requirement of Rule 4(a) where a prisoner has demonstrated that he did not receive timely notice of a trial court’s decision to deny a motion for post-conviction relief.
 
 Elliott v. State,
 
 41 So.3d 701, 704 (¶ 8) (Miss.Ct.App.2009). Because there is no claim of good cause, much less an actual demonstration of good cause among the record, we decline to suspend the requirement of Rule 4(a) under these precise circumstances. Accordingly, we dismiss Stokes’s appeal.
 

 ¶ 9. THE APPEAL OF THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR.
 

 [1]
 

 . "[W]hen an appellant's notice of appeal is stamped filed within a reasonable time after the expiration of the time allowed by Mississippi Rule of Appellate Procedure 4(a) a re-buttable presumption exists that it was timely filed.”
 
 Lewis v. State,
 
 988 So.2d 942, 944 (¶ 5) (Miss.Ct.App.2008). In one case, this Court held that six days is a reasonable time.
 
 Jewell v. State,
 
 946 So.2d 810, 813 (¶ 9) (Miss.Ct.App.2006). In this case, the notice of appeal was marked filed approximately two months after the expiration of the time allowed by Rule 4(a). Under the circumstances, we find that the rebuttable presumption of timeliness does not apply.