CARLTON, J.,
for the Court:
¶ 1. Derrick Stokes pled guilty to the charges of gratification of lust and exploitation of a child. The Madison County Circuit Court sentenced Stokes to serve fifteen years in the custody of the Mississippi Department of Corrections for the gratification-of-lust conviction, and to serve an additional ten years, with five years suspended, for the exploitation conviction. Stokes now appeals from the denial of his second motion for post-conviction relief (PCR). Finding no error, we affirm.
FACTS
¶ 2. On May 14, 2008, Stokes pled guilty to two of the charges in the six-count indictment filed against him. Stokes pled *1239 guilty to exploitation of a child and gratification of lust, and the Madison County Circuit Court sentenced Stokes to fifteen years in the custody of the MDOC for the first charge. As for the second charge, the circuit court sentenced Stokes to ten years in the custody of the MDOC, with five years suspended and five years to serve, followed by five years of post-release supervision. Additionally, the circuit court ordered Stokes’s sentences to run consecutively.
¶ 8. On January 25, 2010, Stokes filed his first PCR motion, alleging that his guilty plea was not voluntary and that his lawyer was ineffective. Stokes v. State, 66 So.3d 746, 747 (¶ 2) (Miss.Ct.App.2011). Stokes, who insists that he is legally deaf, also claimed that the trial court erred by accepting his guilty plea without appointing an interpreter to assist him during the guilty-plea proceedings. The circuit court denied Stokes’s first PCR motion on March 5, 2010. Stokes appealed from the trial court’s denial of his PCR motion. On appeal, this Court dismissed Stokes’s appeal for his failure to timely file his notice of appeal. This Court declined to address the issues raised by Stokes in his appeal after finding no justification for Stokes’s failure to timely file his appeal.
¶4. On April 8, 2013, Stokes filed a second PCR motion claiming, once again, that he was legally deaf and that if a qualified sign-language interpreter had been part of the guilty-plea proceedings, Stokes would not have pled guilty. The trial court found Stokes’s claims time-barred and successive-writ barred and entered an order on May 10, 2013, denying Stokes’s PCR motion.
¶ 5. Stokes timely appealed this denial of his PCR motion on May 24, 2013. Stokes asserts that he was denied due process of the law due to the refusal of the trial court to grant him a sign-language interpreter at his plea hearing.
STANDARD OF REVIEW
¶ 6. “When reviewing a [trial] court’s decision to deny a petition for post[-]eonviction reliefj,] this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). Questions of law are reviewed de novo. Robinson v. State, 904 So.2d 203, 204 (¶ 3) (Miss.Ct.App.2005).
DISCUSSION
¶ 7. Stokes acknowledges that his PCR motion is statutorily barred as a successive writ,[1] but he asserts that the violation of his due-process rights entitles him to overcome this bar. Stokes specifically claims that the trial court’s failure to provide a sign-language interpreter during the plea hearing made it “impossible” for him to understand the proceedings. Stokes agrees that he “may not be totally deaf,” but he claims that he is hearing impaired, and possessed a constitutional right to a sign-language interpreter for the guilty-plea proceedings. The record before us reflects that Stokes has provided no evi-dentiary support for his claim that he is legally deaf or required an interpreter.
¶ 8. However, the State asserts that this Court lacks jurisdiction to hear the merits of Stokes’s claim due to Stokes’s failure to comply with Mississippi Code Annotated section 99-39-7 (Supp.2013). We acknowledge that the State mistakenly claims that Stokes filed a “direct appeal” to the Mississippi Supreme Court after the trial judge denied Stokes’s January 25, 2010 PCR motion. Section 99-39-7 provides that where a prisoner’s *1240 conviction and sentence were affirmed on direct appeal, or the appeal was dismissed, the prisoner must obtain the supreme court’s leave before filing a PCR motion. However, the record before us reflects that Stokes pled guilty; thus, no direct appeal occurred. See Jackson v. State, 67 So.3d 725, 730 (¶ 18) (Miss.2011); Payton v. State, 89 So.3d 73, 75-77 (¶ 17) (Miss.Ct.App.2011). As a result, no application for permission from the supreme court was required. See Payton, 89 So.3d at 77 (¶¶ 20-21); see also Graham v. State, 85 So.3d 847, 850-51 (¶ 6) (Miss.2012).
¶ 9. With respect to the application of the successive-writ bar in this case, the record reflects that Stokes filed his first PCR motion on January 25, 2010, and the trial court denied the motion on March 5, 2010.[2] Stokes appealed this denial, claiming: (1) the trial court erred when it denied his PCR motion without conducting an evidentiary hearing; (2) the trial court erred when it accepted his guilty plea without appointing an interpreter to assist him during his guilty plea; and (3) he received ineffective assistance of counsel during his guilty plea. Stokes possessed thirty days to file his appeal of the trial court’s denial of this PCR motion; however, the record shows that Stokes failed to file his notice of appeal until June 4, 2010, nearly two months after the thirty-day deadline set forth in Mississippi Rule of Appellate Procedure 4(a). This Court accordingly dismissed Stokes’s appeal as untimely. Stokes, 66 So.3d at 749 (¶ 8).
¶ 10. Stokes filed his second PCR motion on April 8, 2013. In its May 10, 2013 order dismissing this second PCR motion, the trial court stated that Stokes failed to file his PCR motion within three years as required by Mississippi Code Annotated section 99-39-5(2) (Supp.2013). This statute indeed requires that “[a] motion for relief under this article shall be made ... in case of guilty plea, within three (3) years after entry of the judgment of conviction.” Stokes filed his April 8, 2013 PCR motion nearly five years after his May 14, 2008 guilty plea. Accordingly, we find the instant PCR motion time-barred.
¶ 11. The trial court also held that Stokes’s April 2013 PCR motion constituted a successive writ, stating that all matters raised by Stokes in the April 2013 filing appeared in his prior January 25, 2010 PCR motion. Section 99-39-23(6) provides the successive-writ bar for PCR motions. It states that “any order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” Miss.Code Ann. § 99-39-23(6). Although the trial court’s March 5, 2010 order denying Stokes’s January 25, 2010 PCR motion does not appear in the record before us,[3] the trial court’s May 10, 2013 order states that “all of the matters raised by Stokes in the instant filing appeared, in some form, in his first claim for relief.” Therefore, since Stokes’s PCR motion constitutes a successive writ wherein he again raises the same issues raised in a previous PCR motion, we find that res judicata applies to those previously raised issues. See Miss. Code Ann. § 99-39-23(6); Torns v. State, 866 So.2d 486, 489 (¶¶ 10-11) (Miss.Ct.App 2003).
¶ 12. The record reflects no evidence supporting an exception[4] to overcome the procedural bars of the Uniform Post-Con *1241 viction Collateral Relief Act (UPCCRA).[5] Moreover, the issue Stokes raises herein regarding his hearing, and his alleged need for an interpreter, was previously determined by the denial of his previous PCR motion. Stokes failed to appeal the denial of his prior PCR motion, wherein he raised the same issue now before us on appeal, and res judicata prevents its relitigation. Res judicata bar notwithstanding, we acknowledge that in the record before us, the scant portion of the transcript Stokes provided shows that Stokes willingly and voluntarily entered a plea of guilty to the charges against him, and shows that Stokes acknowledged under oath before the trial court his understanding of the terms of his sentence.[6] We thus find insufficient support in the record to show that Stokes met an exception to the procedural bars of the UPCCRA. Accordingly, we find that the trial court did not err in dismissing Stokes’s PCR motion.
¶ 13. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Miss.Code Ann. § 99-39-23(6) (Supp.2013).

. Stokes's January 25, 2010 PCR motion is not included in the record before us.

. Only the final page of this order appears in the record.

.See Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010).

. See Miss.Code Ann. § 99-39-23(6) (dismissal of PCR motion is a final judgment and bars filing of any second or successive motion under the UPCCRA).

. The record before us differs from that in Rowland, 42 So.3d at 507 (¶ 12), in that the present appellate record is sufficient to address Stokes's claim of error. Here, the record includes the plea petition and colloquy showing that Stokes entered a knowing, voluntary, and intelligent plea. See Washington v. State, 145 So.3d 1219, 1224-25 (¶¶ 16-17) (Miss.Ct.App.2012). Res judicata bars reliti-gation of issues previously determined by a prior PCR motion.