# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01811-COA

**DERRICK STOKES A/K/A DERRICK LEE STOKES**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

DATE OF JUDGMENT:                12/11/2014
TRIAL JUDGE:                     HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:       MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          DERRICK STOKES (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: LADONNA C. HOLLAND
NATURE OF THE CASE:              CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:         MOTION FOR POSTCONVICTION RELIEF
                                 DISMISSED
DISPOSITION:                     AFFIRMED - 04/12/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.    Derrick Stokes (pro se) appeals from the dismissal of his motion for postconviction

relief (PCR).  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    On May 14, 2008, Stokes pled guilty to gratification of lust and exploitation of a child.

For the gratification-of-lust conviction, the circuit court sentenced him to fifteen years in the

custody of the Mississippi Department of Corrections (MDOC).  For the exploitation

conviction, the circuit court sentenced him to ten years in the custody of MDOC, with five years suspended and five years to serve, followed by five years of postrelease supervision. The sentences were ordered to run consecutively.

¶3.     On January 25, 2010, Stokes filed his first PCR motion.  In that motion, Stokes claimed that his guilty pleas were involuntary; he received ineffective assistance of counsel; he had found newly discovered evidence; and he pled guilty based on misrepresentation and duress.  The circuit court dismissed the motion.  Stokes appealed to this Court claiming that the circuit court erred by dismissing his motion without an evidentiary hearing; the circuit court erred by accepting his guilty plea without appointing an interpreter during the guilty plea because he alleged that he was legally deaf; and he received ineffective assistance of counsel.  This Court dismissed his appeal because he failed to timely file his notice of appeal. *Stokes v. State*, 66 So. 3d 746, 749 (¶8) (Miss. Ct. App. 2011).

¶4.     On April 8, 2013, Stokes filed a second PCR motion.  Again, Stokes claimed that the circuit court erred by not having a sign-language interpreter because he was legally deaf.  He claimed that had an interpreter been present, he would not have pled guilty.  The circuit court denied the motion finding that his claims were time-barred and successive-writ barred. Stokes appealed to this Court arguing that he was denied due process of law because the circuit court refused to grant him a sign-language interpreter at the plea hearing.  This Court affirmed the circuit court's dismissal.  *Stokes v. State*, 145 So. 3d 1238, 1238 (¶1) (Miss. Ct. App. 2014).  We held: "Therefore, since Stokes's PCR motion constitutes a successive writ wherein he again raises the same issues raised in a previous PCR motion, we find that res

2

judicata applies to those previously raised issues." *Id.* at 1240 (¶11) (citing Miss. Code Ann. § 99-39-23(6) (Rev. 2015); *Torns v. State*, 866 So. 2d 486, 489 (¶¶10-11) (Miss. Ct. App. 2003)). We also found: "Res judicata bar notwithstanding, we acknowledge that in the record before us, the scant portion of the transcript Stokes provided shows that Stokes willingly and voluntarily entered a plea of guilty to the charges against him, and shows that Stokes acknowledged under oath before the trial court his understanding of the terms of his sentence." *Id.* at 1241 (¶12). Moreover, we found that there was insufficient support in the record to show that Stokes met an exception to the procedural bars of the Uniform Post-Conviction Collateral Relief Act (UPCCRA). *Id.*

¶5. On October 27, 2014, Stokes filed a third PCR motion in the circuit court. On November 24, 2014, the trial court denied the motion as time-barred and successive-writ barred. Stokes did not appeal the denial. Stokes had filed a fourth PCR motion on November 10, 2014. Again, Stokes argued that his guilty plea was involuntary because of his hearing impairment. He also requested DNA testing. On December 11, 2014, the circuit court dismissed the motion because it was time-barred and successive-writ barred. The circuit court determined that he was not entitled to relief from the procedural bars. Stokes now appeals to this Court.

¶6. On appeal, Stokes argues that (1) his claims are excepted from the procedural bars; (2) he was entitled to an evidentiary hearing; (3) he received ineffective assistance of counsel; and (4) his indictment was fatally defective.

**STANDARD OF REVIEW**

3

¶7. A trial court's dismissal of a PCR motion will not be reversed absent a finding that the trial court's decision was clearly erroneous. *Wilson v. State*, 76 So. 3d 733, 735 (¶9) (Miss. Ct. App. 2011). However, when issues of law are raised, the proper standard of review is de novo. *Id.* Mississippi Code Annotated section 99-39-11(2) (Rev. 2015) states: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified." "This Court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right." *Dickens v. State*, 119 So. 3d 1141, 1143-44 (¶6) (Miss. Ct. App. 2013) (quoting *Robinson v. State*, 19 So. 3d 140, 142 (¶ 6) (Miss. Ct. App. 2009)).

**DISCUSSION**

**I.     Procedural Bars**

¶8. A PCR motion following a guilty plea is untimely unless it is filed within three years after entry of the judgment of conviction. *Smith v. State*, 118 So. 3d 180, 182 (¶7) (Miss. Ct. App. 2013) (citing Miss. Code Ann. § 99-39-5(2)). Because Stokes filed his PCR motion more than three years after the entry of his judgment of conviction, his motion is time-barred.

¶9. Under the UPCCRA, any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). The circuit court has already dismissed at least three PCR motions filed by Stokes. Thus, Stokes's motion is successive-writ barred.

¶10.   "When a subsequent PCR motion is filed, the burden falls on the movant to show he has met a statutory exception." *Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013).  Errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA.  *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010).  However, mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar. *Williams,* 110 So. 3d at 843 (¶15).  Stokes has failed to meet his burden of showing that any statutory exception or fundamental-right exception applies to his claims.

## II.    Ineffective Assistance of Counsel

¶11.   Stokes argues that he received ineffective assistance of counsel.  Stokes claims that his counsel was ineffective when he failed to retrieve certain text messages from the victims' mother, challenge the sufficiency of his indictment, and secure a sign-language interpreter for his plea hearing.

¶12.   "The Mississippi Supreme Court has consistently held that the UPCCRA's procedural bars apply to [PCR] claims based on ineffective assistance of counsel." *Williams,* 110 So. 3d at 844 (¶21) (citing *Crosby v. State*, 16 So. 3d 74, 78 (¶8) (Miss. Ct. App. 2009)).[1] Notwithstanding the time-bar and successive-writ bar, res judicata prevents the litigation of claims that were made or should have been made during previous litigation.  *Hill v. Carroll Cty.*, 17 So. 3d 1081, 1084 (¶8) (Miss. 2009).  Stokes has already raised his claim that he

---

[1]  The Mississippi Supreme Court has recognized that due-process violations are excepted from the PCR procedural bars and that it is possible for a lawyer's performance to be so deficient and so prejudicial that the defendant's fundamental constitutional rights are violated.  *Chapman v. State*, 167 So. 3d 1170, 1174-75 (¶13) (Miss. 2015).  Based on the record before this Court, Stokes's ineffective-assistance-of-counsel claim does not meet this exception.

received ineffective assistance of counsel in previous PCR motions. As a result, res judicata prevents relitigation of this claim.

### III. Defective Indictment

¶13. Stokes argues for the first time on appeal that his indictment was defective. Stokes may raise an objection to the sufficiency of the indictment for the first time on appeal. *Tucker v. State*, 47 So. 3d 135, 137 (¶8) (Miss. 2010). However, his claim is procedurally barred. "Claims alleging defective indictment are also barred when a [PCR motion] is not filed within the three-year time limitation." *Barnes v. State*, 949 So. 2d 879, 881 (¶8) (Miss. Ct. App. 2007) (citing *Kelly v. State*, 797 So. 2d 1003, 1005 (¶4) (Miss. 2001); *Campbell v. State*, 611 So. 2d 209, 210 (Miss. 1992)). Accordingly, Stokes's claim of defective indictment is time-barred.

### IV. Evidentiary Hearing

¶14. Stokes argues that the circuit court erred by dismissing his motion without an evidentiary hearing. However, the right to an evidentiary hearing is not guaranteed. *Garrett v. State*, 110 So. 3d 790, 792 (¶6) (Miss. Ct. App. 2012). The circuit court "may dismiss a [PCR motion] without conducting an evidentiary hearing if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." *Johnston v. State*, 172 So. 3d 756, 760 (¶10) (citing Miss. Code Ann. § 99-39-11(2)). Stokes's motion failed to show on its face that he was entitled to any relief, and the circuit court did not err in dismissing the motion without an evidentiary hearing.

**CONCLUSION**

¶15. For these reasons, the judgment of the circuit court dismissing Stokes's PCR motion is affirmed.

¶16. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**