# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00045-COA

DERRICK STOKES A/K/A DERRICK LEE STOKES            APPELLANT

v.

STATE OF MISSISSIPPI            APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/09/2016 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DERRICK STOKES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/20/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., WESTBROOKS AND TINDELL, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. In May 2008, Derrick Stokes pleaded guilty to gratification of lust and exploitation of a child. The Madison County Circuit Court sentenced Stokes to fifteen years in the custody of the Mississippi Department of Corrections for the gratification-of-lust conviction. For the exploitation-of-a-child conviction, the circuit court sentenced Stokes to a consecutive ten-year sentence with five years suspended, five years to serve, and five years of post-release supervision. Stokes now appeals the denial of his fifth motion for post-conviction relief (PCR). Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.    To date, Stokes has filed five PCR motions. In Stokes's first PCR motion, he alleged that his guilty pleas were involuntary; he received ineffective assistance of counsel; he found newly discovered evidence; and he pleaded guilty based on misrepresentation and duress. *Stokes v. State*, 66 So. 3d 746, 747 (¶2) (Miss. Ct. App. 2011). The circuit court denied his PCR motion. *Id.* Stokes appealed to this Court, arguing that the circuit court erred in denying his motion without an evidentiary hearing; the circuit court erred by accepting his guilty plea without appointing a sign-language interpreter during the plea hearing because Stokes alleged he was legally deaf; and he received ineffective assistance of counsel. *Id.* This Court dismissed his appeal because it was untimely. *Id.* at 749 (¶8).

¶3.    Stokes filed his second PCR motion on April 8, 2013. *Stokes v. State*, 145 So. 3d 1238, 1239 (¶4) (Miss. Ct. App. 2014). Stokes argued once again that the circuit court erred by not appointing a sign-language interpreter. *Id.* Stokes asserted that had an interpreter been appointed, Stokes would not have entered the guilty pleas. *Id.* The circuit court held that his claims were time-barred and successive-writ barred. *Id.* Stokes appealed to this Court, arguing that the circuit court denied him due process when it did not appoint a sign-language interpreter during the plea hearing. *Id.* at (¶5). This Court affirmed the circuit court's judgment. *Id.* at 1241 (¶13).

¶4.    On October 27, 2014, Stokes filed a third PCR motion. *Stokes v. State*, 199 So. 3d 745, 748 (¶5) (Miss. Ct. App. 2016). The circuit court denied the motion as time-barred and successive-writ barred. *Id.* Stokes did not appeal that decision. *Id.* Instead, he filed a fourth PCR motion prior to the circuit court's denial of his third PCR motion. *Id.* Again,

2

Stokes argued that his guilty pleas were involuntary because of his hearing impairment. *Id.* Additionally, he requested DNA testing. *Id.* The circuit court dismissed Stokes's fourth PCR motion, finding that it was time-barred and successive-writ barred. *Id.* Stokes appealed. *Id.* This Court affirmed the circuit court's judgment and noted that Stokes's ineffective-assistance-of-counsel claim was barred by res judicata. *Id.* at 749, 750 (¶¶12, 15).

¶5.     Stokes filed his fifth PCR motion on October 12, 2016, more than eight years after his guilty pleas. Stokes again argued that his due-process rights were violated because he was not provided with a sign-language interpreter at the plea hearing. Stokes also claimed that the indictment was void for the omission of the word "feloniously." In support of his argument that he had a hearing impairment, Stokes attached his own affidavit and the affidavit of a fellow inmate. Stokes also attached two pages of an uncertified transcript from the Mississippi School for the Deaf and an uncertified copy of one page of an audiology report. The circuit court dismissed Stokes's fifth PCR motion because he had not raised any issue that might provide an exception to the procedural bars.

¶6.     Aggrieved, Stokes appeals and presents the following arguments: (1) the circuit court erred in dismissing his fifth PCR motion; (2) he was denied due process because of an insufficient indictment; and (3) the circuit court should have appointed a sign-language interpreter during the plea hearing.

**STANDARD OF REVIEW**

¶7.     "When reviewing a trial court's decision to [dismiss] a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be

clearly erroneous." *Stokes*, 145 So. 3d at 1239 (¶6). "However, where questions of law are raised[,] the applicable standard of review is de novo." *Lambert v. State*, 941 So. 2d 804, 807 (¶14) (Miss. 2006).

## DISCUSSION

*Whether the trial court erred in dismissing Stokes's PCR motion.*

¶8. Stokes argues that his fifth PCR motion is not barred because his due-process rights were abridged by the absence of a sign-language interpreter at the guilty-plea hearing. The State argues that Stokes's motion is time-barred, successive-writ barred, and barred by res judicata.

¶9. A PCR motion "is untimely unless [it is] filed within three years after [the] entry of the judgment of conviction." *Smith v. State*, 118 So. 3d 180, 182 (¶7) (Miss. Ct. App. 2013). Additionally an order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Stokes entered his guilty pleas more than eight years ago, and the circuit court previously had dismissed four of Stokes's PCR motions. Thus, Stokes's fifth PCR motion is successive.

¶10. Stokes claims that the abridgment of his constitutional right to due process is an exception to the time bar and the successive-writ bar. Stokes is correct that "errors affecting fundamental constitutional rights" are exceptions to the procedural bars in the Mississippi Uniform Post-Conviction Relief Act. *See Roland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). Nevertheless, a mere assertion of a constitutional-right violation does not automatically preclude the application of the procedural bars. *Sims v. State*, 227 So. 3d 1167,

4

1169 (¶18) (Miss. Ct. App. 2017). To find an exception to the statute of limitation or the successive-writ bar, "[t]here must at least appear to be some basis for the truth of the claim . . . ." *Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004).

¶11. After reviewing the transcript of Stokes's plea hearing, we conclude that Stokes understood each question asked by the circuit court and answered knowingly and intelligently. When he was hesitant regarding a question, the circuit court repeated or rephrased the question, and Stokes quickly responded as though he understood each question. Therefore, Stokes's contentions fail to support an exception to the procedural bar.

¶12. Regarding Stokes's remaining issues, the circuit court has previously ruled on them incident to his earlier PCR motion. Consequently, we decline to address them.

## CONCLUSION

¶13. Accordingly, we affirm the circuit court's judgment dismissing Stokes's fifth PCR motion.

¶14. **AFFIRMED**.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR.**