# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00407-COA

**HENRY J. LANERI III A/K/A HENRY JOSEPH LANERI III**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                  APPELLEE

DATE OF JUDGMENT:            02/15/2017
TRIAL JUDGE:                 HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED:   PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      HENRY J. LANERI III (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: KAYLYN HAVRILLA MCCLINTON
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 05/22/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., CARLTON AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Henry J. Laneri III, appearing pro se, appeals the Pearl River County Circuit Court's denial of his motion for postconviction relief (PCR). Finding no error, we affirm.

## FACTS

¶2.     On April 21, 2011, the Grand Jury of Pearl River County indicted Laneri on the charge of possession of contraband in a correctional facility. At the time of his indictment, Laneri was currently serving an eight-year sentence for possession of a controlled substance. On January 13, 2012, Laneri filed a petition to enter a guilty plea for the possession of contraband charge. At this plea hearing the judge stated, "I'll sentence you to serve a term

of eight years. Six will be suspended, with the two you already served to run concurrent with the sentence you're serving in Hancock County."

¶3. The Order of Conviction and Sentence, filed on January 19, 2012, reflected that Laneri was sentenced to eight years in the custody of Mississippi Department of Corrections (MDOC) with two years to serve and the remaining six years to be served under the post-release provisions set forth in Mississippi Code Annotated section 47-7-34 (Rev. 2011), with a five-year supervision period.

¶4. Late February 2016, Laneri was released from custody. Shortly after, Laneri inquired whether he was sentenced to post-release supervision (PRS). The parole officer in Hancock County confirmed that he was sentenced to PRS. On July 18, 2016, Laneri was arrested in the front of his home by the Hancock Sheriff's Department for possession of a controlled substance and paraphernalia. During that time, Laneri was also sixteen payments behind on his court fines. Laneri later filed a motion to dismiss arguing (1) he was not sentenced to PRS in his plea hearing and (2) his charges were misdemeanors. Later, Laneri pleaded guilty. Pursuant to Laneri's admission, the court revoked Laneri's probation and reinstated the remaining five years and seven months of his previous sentence.

¶5. On January 25, 2017, Laneri filed a petition for habeas corpus and asserted (1) the Circuit Court of Pearl River County did not have jurisdiction to revoke his PRS and (2) the court's written order did not reflect the court's verbal pronouncement of his sentence. The circuit court denied Laneri's petition stating his first assertion was without merit and his second was successive as he had previously raised the issue. Without much detail, the order

2

states "Laneri previously raised this issue before the Court[.] *See* Pearl River County Circuit Court No. 2013-0174M-PC. This argument is therefore barred as a subsequent writ." Because Laneri sought review of his sentence, the circuit court treated Laneri's petition as a motion for PCR. Laneri timely appeals.

## STANDARD OF REVIEW

¶6.     "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Purnell v. State*, 126 So. 3d 949, 951 (¶4) (Miss. Ct. App. 2013) (citing *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

## DISCUSSION

¶7.     The circuit court held that Laneri's PCR motion was without merit and successive. We agree. "[A] trial court's denial of a PCR motion is a final judgment and bars a second or successive motion unless an exception applies." *Kennedy v. State*, 179 So. 3d 82, 83 (¶6) (Miss. Ct. App. 2015). Laneri asserts his PCR is exempt from the procedural bar because his sentence was in violation of double jeopardy, his due process rights were violated, his arrest was illegal, and the order revoking his PRS was erroneous.

¶8.     This Court has held that, "only four types of fundamental rights have been expressly found to survive PCR procedural bars: (1) double jeopardy; (2) illegal sentence; (3) denial of due process at sentencing; and (4) ex post facto claims." *Id* at 83-84 (¶8) (citing *Boyd v. State*, 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2014)). Furthermore, "to find an exception

to the successive-writ bar, 'there must at least appear to be some basis for the truth of the claim' a fundamental constitutional rights violation." *Mays v. State*, 228 So. 3d 946, 948 (¶5) (Miss. Ct. App. 2017) (quoting *Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004)). This Court does not find a "basis for the truth" under any of the four exceptions. *Id.* Notwithstanding the procedural bar, we briefly discuss the issues below.

## I. Double Jeopardy

¶9. Laneri argues that his right against double jeopardy was violated when he had to attend two revocation hearings. We disagree. Furthermore, Laneri states that through the theory of double jeopardy he is "protected from being placed in jeopardy of his life limb or liberty." However, that is not a guaranteed protection. The Supreme Court of Mississippi has held that double jeopardy provides three constitutional protections: "(1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense." *Kelly v. State*, 80 So. 3d 802, 805 (¶10) (Miss. 2012). Here, Laneri first attended a PRS revocation hearing in Hancock County Circuit Court. Hancock County soon determined they did not have jurisdiction over the hearing. As a result, the Pearl River County Circuit Court exercised its jurisdiction and reinstated Laneri's suspended sentence. Therefore, we find this issue without merit.

## II. Due Process

¶10. Laneri raises three issues in support of his due process claim: (1) he was never informed of the possibility of revocation and the reinstatement of his suspended sentence,

4

(2) three of the six due process requirements for revoking probation were not met, and (3) he was denied counsel at the second PRS revocation hearing.

¶11.    First, Laneri argues that he was never informed of the possibility of revocation and the reinstatement of his suspended sentence. However, the court order stated that any

> violation of any one of the above enumerated conditions shall violate the terms and conditions of the defendant's Post-Release Supervision and the Court shall have the authority to revoke the defendant from Post-Release Supervision and remand him back into the custody of the Mississippi Department of Corrections to serve the revoked portion of his eight (8) year sentence.

¶12.    In 2016, Laneri was arrested and pleaded guilty to possession of a controlled substance and possession of paraphernalia. Thus, this new conviction served as a proper basis to reinstate his suspended sentence.

¶13.    Secondly, Laneri claims that three of the six due process requirements for revoking probation were violated. This Court has held that "mere allegations of constitutional-rights violations do not suffice to overcome the procedural bar." *Stokes v. State*, 199 So. 3d 745, 749 (¶10) (Miss. Ct. App. 2016). Notwithstanding the procedural bar, according to the record, Laneri was represented by counsel during his trial and was made known of the charges against him when he pleaded guilty.

¶14.    Thirdly, Laneri states that he was denied the right to counsel during his PRS revocation hearing. The Mississippi Supreme Court has held that there is no per se "right to counsel at revocation hearings." *Riely v. State*, 562 So. 2d 1206, 1209 (Miss. 1990). The record does not reflect Laneri's alleged request for assistance of counsel. Accordingly, we find these issues without merit.

5

### III. Illegal Arrest

¶15. Laneri argues that the arrest leading to his PRS revocation hearing and subsequent reinstatement of his suspended sentence was illegal. We do not agree. As previously stated, "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Stokes*, 199 So. 3d at 749 (¶10). Moreover, the record before this Court only reflects an arrest and a guilty plea. Therefore, we find this issue without merit.

### IV. Erroneous Order of Revocation

¶16. Laneri argues that no terms or conditions of PRS were "pronounced in open court" during his 2012 sentencing. This Court has held that "due process requires that the trial judge at least orally inform the defendant of the terms and conditions upon which his suspended sentence is contingent before it may be properly revoked for violations of those terms and conditions." *McClinton v. State*, 799 So. 2d 123, 126 (¶6) (Miss. Ct. App. 2001). Moreover, it "does not require a court to orally inform the probationer of the terms and conditions of his probation, when such information has been recorded in written form." *Id.*

¶17. As previously stated, Laneri was notified that violation of the terms of his sentence could result in the reinstatement of his suspended portion of the sentence. Accordingly, we find this issue without merit.

### CONCLUSION

¶18. Finding no error, this Court finds that the circuit court did not err in denying Laneri's PCR motion.

¶19. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR.**