# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01232-COA

**PATRICK CLARK A/K/A PATRICK EVANS**        **APPELLANT**
**CLARK A/K/A PATRICK E. CLARK**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/15/2018 |
| TRIAL JUDGE: | HON. JAMES McCLURE III |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PATRICK CLARK (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/04/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE J. WILSON, P.J., WESTBROOKS AND McDONALD, JJ.

### McDONALD, J., FOR THE COURT:

¶1.  Patrick Clark appeals the dismissal of his motion for post-conviction collateral relief (PCR) pursuant to Mississippi Code Annotated section 99-39-5 (Rev. 2015).  Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.  Clark was indicted in November 1998 in Panola County in criminal cause number CR98-69BP1 for burglary, grand larceny, and capital murder.  Counts 1 and 2 (burglary and grand larceny) were remanded to the file by an order dated March 16, 1999.

¶3.  On February 12, 1999, Clark pleaded guilty to capital murder and was sentenced to

life in prison without eligibility for parole as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 1976). Clark was sentenced as a habitual offender because in March of 1993 he was convicted of sexual battery in cause number CR92-138-C(P)2 and robbery in cause number CR93-2C(P1).

¶4.    Clark later filed a motion for PCR with the circuit court, arguing that the indictment in criminal cause number CR98-69BP1 was defective because the capital murder portion did not include the element of intent for the underlying felony of burglary. The State conceded, and the circuit court set aside Clark's plea and sentence in cause number CR98-69BP1. The indictment was later dismissed without prejudice.

¶5.    Clark was again indicted by a different grand jury in August 2012. A jury convicted Clark of capital murder on February 24, 2015, and the court sentenced Clark to life imprisonment as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2015).[1] Clark appealed the conviction and sentence, which this Court affirmed. *Clark v. State*, 233 So. 3d 832 (Miss. Ct. App 2017), *reh'g denied* (Aug. 22, 2017), *cert. denied*, 230 So. 3d 1023 (Miss. 2017).

¶6.    On January 16, 2018, Clark filed an "Application for Leave to Proceed in Panola County Circuit Court with his Petition for Post-Conviction Collateral Relief to Vacate Judgment and Sentence in the Supreme Court." Clark argued that he did not waive his right

---

[1] In 1999 Clark was sentenced pursuant to section 99-19-81, and in 2015 he was sentenced pursuant to section 99-19-83 (Rev. 2015). Although both statutes provide for habitual offender sentencing, "[a]n essential element of Section 99-19-83 is that the defendant must have served at least one year under each sentence." *Swinney v. State*, 241 So. 3d 599, 607 (¶22) (Miss. 2018). "Unlike Section 99-19-83, Section 99-19-81 does not require the serving of any time on the two prior felony crimes." *Id.* at (¶23).

2

to be indicted by a grand jury and that his indictment failed to include essential elements of the offense of capital murder with the underlying felony of burglary.

¶7.     In an order filed on April 11, 2018, the Supreme Court granted Clark's application for leave to proceed in the trial court in part and denied it in part. The Supreme Court's order stated:

> Clark now argues he did not waive indictment by the grand jury and his indictment fails to include essential elements of the offense of capital murder, with the underlying felony of burglary.  After due consideration, the panel finds Clark should be granted leave to proceed in the trial court to determine whether his indictment includes the essential elements of capital murder, with the underlying felony of burglary.  The remaining claim is denied.

Order, *Clark v. State*, 2015-M-00099 (Miss. Apr. 11, 2018).

¶8.     Despite the supreme court's order limiting the issues, Clark filed in the trial court the exact document he attached to his application to proceed with the Supreme Court, which included all his arguments on all of his issues.

¶9.     In an order filed on August 15, 2018, the circuit court denied Clark's motion for PCR. The circuit court found that the indictment in cause number CR2012-27JMP1 included all the essential elements of capital murder with the underlying felony of burglary.  The second indictment, unlike the first one, stated as follows: "Patrick Evans Clark was in the commission of the crime of burglary of a dwelling with the intent therein to commit the crime of assault, with or without any design to effect the death of [] in direct violation of section 97-3-19(2)(e)." But the first indictment just stated: "Patrick Evans Clark was engaged in the commission of burglary, in direct violation of section 97-3-19(2)(e). . . ." The circuit court noted that the issue of the indictment in cause number CR98-69BP1 was already addressed.

3

The circuit court concluded that Clark was not convicted based on the indictment in cause number CR98-69BP1 but a new valid indictment in cause number CR2012-27JMP1.

¶10. On August 30, 2018, Clark timely appealed from the order.

## STANDARD OF REVIEW

¶11. A trial court's dismissal of a PCR motion will not be reversed unless the trial court's decision was clearly erroneous. *Stokes v. State*, 199 So. 3d 745, 748 (¶7) (Miss. Ct. App. 2016). "When issues of law are raised, the proper standard of review is de novo." *Id.* "[W]hether an indictment is defective is an issue of law and therefore deserves a relatively broad standard of review, or de novo review." *Morton v. State*, 246 So. 3d 895, 902 (¶13) (Miss. Ct. App. 2017), *reh'g denied* (Mar. 27, 2018), *cert. denied*, 246 So. 3d 886 (Miss. 2018).

## DISCUSSION

¶12. On appeal Clark argues that he did not receive notice of the specific accusation against him in cause number CR98-69BP1. But in Clark's first PCR motion, he argued that the indictment in cause number CR98-69BP1 was defective because it failed to include an essential element of intent to commit the underlying felony of burglary. The State conceded that the indictment was defective and that the indictment in cause number CR98-69BP1 was ultimately dismissed without prejudice. Therefore, any deficiency in the CR98-69BP1 indictment was addressed when that indictment was dismissed.

¶13. Furthermore, Clark's February 24, 2015 conviction was not based on the indictment in cause number CR98-69BP1, but a new indictment with cause number CR2012-275MP1. Clark concedes that the indictment in cause number CR2012-275MP1 included the essential

elements of capital murder with the underlying felony of burglary and was legally sufficient to charge that offense.

¶14.    This issue is without merit because the indictment in cause number CR98-69BPL was dismissed and it is undisputed that the new indictment with cause number CR2012-275MP1 included the essential elements of burglary.

¶15.    Next, Clark argues that he did not waive his right to be indicted by a grand jury.  He contends he was not indicted by the grand jury because the CR2012-275MP1 indictment was not returned by the same grand jury that returned the original indictment in cause number CR98-69BP1.  As before mentioned, in an order filed on April 11, 2018, the Supreme Court denied Clark's application for leave to proceed in the trial court on his waiver of indictment by the grand jury issue.  Order, *Clark v. State*, 2015-M-00099 (Miss. Apr. 11, 2018). Because the Supreme Court did not allow Clark to proceed on this issue, we do not address whether he was actually indicted by the grand jury.

## CONCLUSION

¶16.    For these reasons, the judgment of the circuit court denying Clark's post-conviction collateral relief motion is affirmed.

¶17.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**