## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01282-COA

**LEWIS RANSBURGH SR.**                                                                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI AND MISSISSIPPI**                                                  **APPELLEES**
**PAROLE BOARD**

DATE OF JUDGMENT:                     08/02/2019
COURT FROM WHICH APPEALED:            HINDS COUNTY CIRCUIT COURT,
                                      FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:               LEWIS RANSBURGH SR. (PRO SE)
ATTORNEY FOR APPELLEES:               OFFICE OF THE ATTORNEY GENERAL
                                      BY: DARRELL CLAYTON BAUGHN
NATURE OF THE CASE:                   CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                          AFFIRMED - 01/12/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT**:

¶1.    Lewis Ransburgh appeals from the Hinds County Circuit Court's denial of his request

for post-conviction relief (PCR) and makes additional claims as well.  We affirm the circuit

court's ruling and find no merit in the remaining claims.

## FACTS AND PROCEDURAL HISTORY

¶2.    On July 23, 1991, Lewis Ransburgh was convicted of murder and sentenced to life in

prison.  He was paroled on August 8, 2002.[1]  On September 18, 2007, Ransburgh's parole

---

    [1] Because he was convicted prior to 1995, Ransburg was eligible for parole after
serving ten years.

was revoked after he tested positive for cocaine on January 18, 2007; May 16, 2007; and July 16, 2007.[2] Ransburgh alleges that the revocation was based on false-positive drug tests caused by antibiotics.

¶3. Unhappy with the parole board's decision, since 2007 Ransburgh has filed dozens of motions seeking to have his revocation reversed, including multiple motions for post-conviction relief. He has sought relief in various courts, including the United States District Courts for the Northern and Southern Districts of Mississippi and the Circuit Court of Sunflower County. In 2015, the Mississippi Supreme Court entered an order dismissing Ransburgh's fourth PCR motion filed before the Court. Order, *Lewis Ransburgh Sr. v. State*, No. 2015-M-00421 (Miss. July 15, 2015). Most recently, he filed a PCR motion and a request to proceed "*In Forma Pauperis* Petition for Writ of Mandamus" with the Circuit Court of the First Judicial District of Hinds County. In an order dated April 16, 2019, the circuit judge denied Ransburgh's "*In Forma Pauperis* Petition for Writ of Mandamus" and noted that he "was in clear violation of his parole and [that it] was properly revoked." His PCR motion was dismissed with prejudice on August 2, 2019.

¶4. On appeal before this Court, Ransburgh alleges as error that the circuit court judge (1) had inappropriate ex parte communications with the parole board or its lawyer; and (2) erred in allegedly holding that there was sufficient evidence to revoke his parole without holding

---

[2] The record before us includes only the briefs of the parties and the circuit court's order stating that his parole was properly revoked. These dates are included in the circuit court's order and were adopted by the Mississippi Supreme Court in a 2019 order but cannot otherwise be verified. *See* Order, *In re Lewis Ransburgh Sr.*, No. 2018-M-01733 (Miss. Apr. 17, 2019).

an evidentiary hearing, thereby violating his due process rights. The State adds a third issue styled as "Whether Ransburgh's PCR was a Valid PCR." Included in the State's argument are four sub-issues: (1) successive-writ bar; (2) time-bar; (3) laches; and (4) failure of the PCR motion to meet statutory requirements.

## STANDARD OF REVIEW

¶5. "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if it is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017) (quoting *Thinnes v. State*, 196 So. 3d 204, 207-08 (¶10) (Miss. Ct. App. 2016)).

## DISCUSSION

### A. Ex Parte Communications

¶6. Ransburgh alleges that the circuit court judge engaged in improper ex parte communications "with the parole board or there [sic] lawyer. . . ." In support of his argument, Ransburgh points to the circuit court's April 16, 2019 order denying his petition for writ of mandamus. There is no clear indication of what actions by the circuit court judge allegedly constituted ex parte communications, but Ransburgh seems to take issue with the circuit court's consideration of the State's response to his PCR motion. Black's Law Dictionary defines "ex parte communication" as "[a] communication between counsel . . . and the court when opposing counsel . . . is not present." *Ex Parte Communication*, Black's Law Dictionary 348 (11th ed. 2019). There is no indication that the State appeared for a

3

hearing at which Ransburgh was not present, nor does the record before us indicate that any ex parte communications occurred. We hold that Ransburgh is not entitled to any relief on appeal pertaining to his claim of ex parte communications.

## B.     Due Process and Lack of Evidentiary Hearing

¶7.     Ransburgh also argues that his due process rights were violated because the circuit court did not conduct an evidentiary hearing and allegedly relied on insufficient evidence in making its ruling. Evidentiary hearings are not required in all circumstances. We have previously held that it is proper for a circuit court to "dismiss a [PCR] motion . . . without an evidentiary hearing where it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." *Pickle v. State*, 115 So. 3d 896, 899 (¶12) (Miss. Ct. App. 2013) (internal quotation marks omitted); *accord* Miss. Code Ann. § 99-39-11(2) (Rev. 2015). Ransburgh submitted his PCR motion to the circuit court and had the opportunity to include any evidence he deemed relevant. In the order denying Ransburgh a writ of mandamus, the circuit court clearly stated that it reviewed all pleadings and papers (including medical records) submitted to the court prior to issuing that ruling and referenced the three dates on which Ransburgh tested positive for cocaine. One of the parties must have already submitted these records for the court to make this reference. In ruling on the PCR motion, the circuit court explicitly stated it reviewed the motion, and ruled that Ransburgh was not entitled to post-conviction relief. There are no "extraordinary circumstances" present that would necessitate an evidentiary hearing. *Cf. Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015). We therefore

4

decline to remand Ransburgh's case for an evidentiary hearing.

### C. Procedural Bar

¶8. Under the Uniform Post-Conviction Collateral Relief Act, any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Ransburgh has the burden to show why his PCR motion is not barred as a successive motion. We note that "a mere assertion of a constitutional-right violation does not automatically preclude the application of the procedural bars." *Stokes v. State*, 238 So. 3d 631, 634 (¶10) (Miss. Ct. App. 2018). Neither Ransburgh's briefing, his exhibit, nor the record evinces the vague constitutional violations he alleges. Although Ransburgh's prior PCR motions are not in the record before us, this appears to be the fifth PCR motion before either the Mississippi Supreme Court or this Court since the denial of his initial PCR motion, and there have been numerous ill-founded motions dating back to 2007 in other venues as well.[3] His motion is therefore successive. We have reviewed Ransburgh's submissions and find that none of the allegations raised involve fundamental rights that would give rise to an exception to the procedural bar. Instead, Ransburgh relies on assertions evidenced only by his "personal knowledge." Absent supporting proof, his "[m]ere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Williams v. State*, 110 So. 3d 840, 843 (¶15) (Miss. Ct. App. 2013).

¶9. Based on the foregoing discussion, Ransburgh's motion is also barred as successive. There is no need for us to address the remaining issues the Appellees briefed.

---

[3] Order, *Ransburgh Sr. v. State*, 2015-M-00421 (Miss. July 15, 2015).

**CONCLUSION**

¶10. We find no evidence of improper ex parte communication between the circuit court judge and the State. The circuit court judge acted within the confines of Mississippi law and did not violate Ransburgh's right to due process in ruling without conducting an evidentiary hearing. Based on the record before us, we find no clear error. Ransburgh has failed to demonstrate that any exception exists to the successive-writ bar set forth in Mississippi Code Annotated section 99-39-23(6). The circuit court properly denied Ransburgh's request for post-conviction relief and dismissed the motion.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**